### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**DAVID ALLEN WARD**                                                                          **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:09CV-P315-H**

**KENTUCKY STATE REFORMATORY** *et al.*                                       **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

Plaintiff, David Allen Ward, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging

constitutional violations and state-law claims arising from a fall he took while working in the

kitchen of the Kentucky State Reformatory.  This matter is before the Court for *sua sponte*

screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114

F.3d 601 (6th Cir. 1997).

For the reasons that follow, the Court will dismiss Plaintiff's individual and official-

capacity claims under § 1983 against Defendants Geddes and McMillian for failure to state a

claim upon which relief may be granted and for seeking monetary relief from Defendants who

are immune from such relief.  The Court will also dismiss Plaintiff's § 1983 claim against

Aramark and his § 1983 individual-capacity claims against members of the Healthcare

Grievance Committee for failure to state a claim upon which relief may be granted.  Upon

review, the Court will allow the § 1983 individual-capacity claims against Defendants Chandler

and Wright alleging deliberate indifference due to allegedly unsafe boots and the § 1983

individual-capacity claims against Defendants Duvall, Kemen, and Haas alleging deliberate

indifference to Plaintiff's serious medial needs to proceed for further development.  The Court

will also allow Plaintiff's state-law negligence claims against Defendants Aramark, McMillian,

Geddes, Chandler, and Wright to proceed, as well.

## I.  SUMMARY OF CLAIMS

Plaintiff is a prisoner incarcerated at the Kentucky State Reformatory.  Plaintiff sues Aramark[1] and its Manager Mark Geddes and Supervisor Mashell McMillian in their official and individual capacities.  He sues Warden Larry Chandler, Deputy Warden John Wright, and Drs. Lawrence Duvall, Kemen, Haas, and members of the Healthcare Grievance Committee in their individual capacities.  Plaintiff alleges that on May 1, 2008, he was working in the Kentucky State Reformatory kitchen for Aramark on a food serving line.  He was attempting to restock a food item when he slipped on soup that had spilled on the floor and "fell and hit my head really hard and doing so, I severely injured my neck and upper back."  He alleges that his injuries are permanent.

Plaintiff claims that Defendants Aramark, Geddes, and McMillian violated the Eighth and Fourteenth Amendments to the United States Constitution by failing to provide clean and safe working conditions, by failing to provide a "wet floor" sign where the soup had been spilled, by failing to properly train and supervise kitchen staff, and by failing to provide inmate staff with proper footwear.  Plaintiff also claims that Defendants Chandler and Wright violated his Eighth Amendment rights by issuing state boots that are "very slick and hazardous and very unsafe to wear in the kitchen."  He also alleges Defendants Chandler and Wright failed to properly supervise Aramark in maintaining safe working conditions.

Plaintiff attached a letter to a "Motion for a Conjunction Free From Retaliation and Abuse" (DN 7) which alleged a host of additional facts.  The Court construed the letter as an amendment to the complaint and directed that the letter be docketed as an amended complaint (DN 15).  There, Plaintiff claims that "the boots that the Kentucky State Reformatory give us to

---

[1]While it is unclear from the complaint whether Plaintiff sued Aramark separately from its manager and supervisor, Plaintiff clarified that he seeks to sue Aramark separately in his Motion to Alter or Amend (DN 6), which the court granted (DN 14).

wear they are Really unsafe boots to wear, they are not made for the kind of tile floor in the kitchen . . . When the floor become wet with anything the Boots become very slick and hazard's for us to try to walk on the floor it like trying to walk on ice . . . ." Plaintiff claims that there have been "a lot" of inmates who have fallen in the kitchen because of the boots. He alleges that the Kentucky State Reformatory, Chandler, Wright, and Aramark are aware of "the problem with the boots," and that there was even some effort by Aramark to buy special shoes for the kitchen workers but that Kentucky State Reformatory would not pay for them. Special boots have not been provided to inmates who work in the kitchen.

Furthermore, Plaintiff claims that the injuries to his neck and back were not properly treated. Plaintiff claims that Defendant Healthcare Grievance Committee members violated the Eighth Amendment by denying him "the proper diagnosis[,] testing[,] and x-ray to identify what is wrong with me." He also alleges that Defendants Duvall, Kemen, and Haas violated the Eighth Amendment by denying him "the proper medical care and diagnosis[,] testing[,] and x-ray and proper treatment I need . . . ." Plaintiff claims that his doctor told him "that Surgery might help his problem. But it would Not Happen in here while I am incarcate that it would have to wait until I get out to get it took care of." He also claims that his doctor ordered that Plaintiff undergo an MRI, but "Frankfort kepts turn it Down."

As relief, Plaintiff seeks payment of his medical expenses incurred while he is incarcerated and after he is released. He also seeks $250,000 for pain and suffering.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

## III.  ANALYSIS

A.      **42 U.S.C. § 1983**

       1.      **Aramark and official-capacity claims against Geddes and McMillian**

Plaintiff sues Defendants Geddes and McMillian in both their individual and official

capacities.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff's official-capacity claims against Defendants Geddes and McMillian are, therefore,

actually claims against Aramark.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008)

(stating that civil rights suit against county clerk of courts in his official capacity was equivalent

of suing clerk's employer, the county).

However, Plaintiff's claim against Aramark under § 1983 fails because "*respondeat*

*superior*[2] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433

F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right

to control employees, or simple awareness of employees' misconduct."  *Id.* (internal  quotations

omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did

more than play a passive role in the alleged violation or showed mere tacit approval of the

goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*,

167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on

active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Thus,

Aramark is not liable for the actions/inactions of its employees.  *See, e.g., Farrow v. West*, 320

F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical

---

       [2]*Respondeat superior* is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

services was not liable for actions of subordinate medical staff).  Therefore, Plaintiff's § 1983 claim against Defendant Aramark and his § 1983 official-capacity claims against Defendants Geddes and McMillian will be dismissed for failure to state a claim upon which relief may be granted.

### 2.    Individual-capacity claims against Geddes and McMillian

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.[3]  *See West v. Atkins*, 487 U.S. 42 (1988).  In this case, Plaintiff alleges that Defendants Geddes and McMillian violated his Eighth Amendment/due process rights by failing to provide clean and safe working conditions.  More specifically, he claims they failed to provide a "wet floor" sign where soup had been spilled, failed to properly train and supervise kitchen staff, and failed to provide proper footwear to kitchen staff.

As a general principle, a prison official has the duty to ensure the "reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  A prison official is liable for failing to protect when a plaintiff proves the following:  "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[3]Aramark apparently contracted with the State to provide food services to Kentucky State Reformatory inmates.  In the Sixth Circuit, "it is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law."  *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993).  Accordingly, for the purposes of initial review, the Court presumes that Aramark, Geddes, and McMillian are state actors.  *See also McCullum v. City of Philadelphia*, No. 98-5858, 1999 U.S. Dist. LEXIS 10423 (E.D. Pa. July 13, 1999) ("[T]he court finds that Plaintiff has sufficiently alleged facts which show Aramark was acting under color of state law for purposes of § 1983 . . . providing food service, like medical care, to [] incarcerated people is one part of the government function of incarceration.")

inference." *Id.* at 837.  In other words, a prison official must act with deliberate indifference.

*See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988).  A defendant acts with deliberate

indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately

disregarding a serious threat to [the inmate's] safety after actually becoming aware of that

threat."  *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate

indifference jury instruction with approval).  Plaintiff's allegations that Defendants Geddes and

McMillian failed to provide safe working conditions by failing to provide a wet floor sign where

soup had spilled and by failing to properly train and supervise staff do not meet the level of

deliberate indifference required by the Sixth Circuit to state a claim under the Eighth

Amendment/Due Process Clause.

At most, Plaintiff has alleged negligence in connection with these allegations.  He does

not allege that these Defendants knew that the soup had been spilled or that they acted with

deliberate indifference in failing to provide a wet floor sign or in failing to properly train or

supervise staff.  The Eighth Amendment/Due Process Clause is not implicated by a state

official's mere negligent acts where no deliberate indifference is alleged by the plaintiff.

*Daniels v. Williams*, 474 U.S. 327 (1986).  In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow
> on the prison stairs, or mislaying an inmate's property, are quite
> remote from the concerns just discussed.  Far from an abuse of
> power, lack of due care suggests no more than a failure to measure
> up to the conduct of a reasonable person.  To hold that injury
> caused by such conduct is a deprivation within the meaning of the
> Fourteenth Amendment would trivialize the centuries-old principle
> of due process of law . . . Where a government official's act
> causing injury to life, liberty, or property is merely negligent, "no
> procedure for compensation is constitutionally required."

*Id.* at 332 (internal citations omitted).

Therefore, Plaintiff's § 1983 claims against Defendants Geddes and McMillian in their individual capacities in connection with his allegations concerning the wet floor sign and the training and supervision of kitchen staff will be dismissed for failure to state claim upon which relief may be granted.

### 3.    Chandler and Wright

However, Plaintiff also alleges that Defendants Chandler and Wright were aware of "the problem with the boots" and that there was an effort to buy special boots but that Kentucky State Reformatory would not pay for them.  Upon review, Plaintiff's § 1983 claims against Chandler and Wright in their individual capacities with respect to the alleged failure to provide safe boots will be allowed to proceed for further development.[4]   In permitting these claims to proceed, the Court passes no judgment on their ultimate outcome.

### 4.    Duvall, Kemen, and Haas

Plaintiff alleges that Defendants Duvall, Kemen, and Haas failed to properly diagnose and treat his injuries after the fall.  To prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need.  *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005).  The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'"  *Id.* (quoting *Farmer*, 511 U.S. at 834.  "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.'"  *Id.* (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).  Upon review, the Court will

---

[4]Plaintiff also claims that "one of the Aramark Supervise" tried to get Kentucky State Reformatory to help with buying special shoes for the kitchen staff.  However, he does not identify who the Aramark supervisor was and, therefore, no claim will proceed against that individual.

allow Plaintiff's § 1983 deliberate indifference claims concerning his medical treatment to proceed against Defendants Duvall, Kemen and Haas in their individual capacities.

### 5.  Healthcare Grievance Committee members

Plaintiff does not allege that he filed a grievance or attach a grievance to his complaint, and it is therefore unclear from the record what role the Healthcare Grievance Committee played in denying Plaintiff's requested treatment.  In any event, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).  "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").  Thus, where the only

9

allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

For these reasons, Plaintiff's § 1983 individual-capacity claims against the members of the Healthcare Grievance Committee will be denied for failure to state a claim upon which relief may be granted.

**B.**     **State-Law Claims**

Plaintiff also alleges state-law claims of negligence in maintaining safe working conditions and negligent supervision against Defendants Aramark, Geddes, McMillian, Chandler, and Wright.  Upon review, the Court will permit these state-law claims to proceed. The Court passes no judgment on the ultimate outcome of these claims.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date:   July 24, 2009


John G. Heyburn II, Judge
United States District Court


cc:     Plaintiff Ward, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet
4412.010