# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

DAVID ALLEN WARD                                                   PLAINTIFF

v.                                            CIVIL ACTION NO. 3:09CV-P315-H

KENTUCKY STATE REFORMATORY *et al.*                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions filed by Plaintiff. Each is addressed below.

**A.**      **Motion requesting "that the court not . . . dismiss the civil suit against Aramark"**

The Court will construe Plaintiff's motion requesting the Court not to dismiss his claims against Aramark (DN 24) as a motion to reconsider its Memorandum Opinion and Order entered July 28, 2009, dismissing Plaintiff's claims under 42 U.S.C. § 1983 against Aramark upon initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). In the Memorandum Opinion and Order, the Court allowed Plaintiff's state-law negligence claims against Aramark and Aramark supervisors Mark Geddes and Mashell McMillian to proceed beyond initial screening.

In Plaintiff's motion, he contends that he was required by Aramark supervisors to participate in serving food that was unsanitary and to work in a kitchen that was dirty. Plaintiff also claims that there was no training or supervision of the other inmate workers. He claims that Aramark knew how poorly the kitchen was run and maintained because it was about to lose its contract with the Department of Corrections.

Plaintiff's claims about his prison employment do not rise to the level of a constitutional violation because a prisoner does not have a constitutional right to prison employment or to a

particular prison job. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989).[1] Therefore, these claims do not give rise to a claim under § 1983. Accordingly, having reviewed Plaintiff's motion, the Court finds no reason to alter or vacate its prior decision. Accordingly, **IT IS ORDERED** that Plaintiff's motion to reconsider (DN 24) is **DENIED**.

**B.     Motion to amend relief**

Plaintiff also makes a motion to "alter or amend the Relief he asked For." Plaintiff filed a previous motion to amend the complaint (DN 6), in which he sought to specify more clearly the relief he requested. The Court granted the motion (DN 14). The Plaintiff now seeks again to amend the relief requested. Federal Rule of Civil Procedure 15(a)(1) provides that a "party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon review, **IT IS ORDERED** that the motion to amend the relief requested (DN 23) is **GRANTED**.

Plaintiff is instructed that his prayer for relief satisfies the requirements of Fed. R. Civ. P. 8(a)(3), which requires a pleading to contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Federal Rule of Civil Procedure 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Therefore, should Plaintiff prevail in

---

[1]The Court notes that Plaintiff does not allege that he was required to eat the food, that he was deprived a nutritional diet, or that working under these conditions caused him any injury. In order to recover damages under the Eighth Amendment, an inmate must demonstrate a physical injury as a result of the conditions about which he complains. *See* 42 U.S.C. § 1997e(e); *Jarriett v. Wilson*, 414 F.3d 634, 640 (6th Cir. 2005). Moreover, Plaintiff is not permitted to bring claims concerning the unsanitary food practices on behalf of other inmates. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).

this action, the Court will award relief to which Plaintiff is entitled. In the future, Plaintiff is instructed that he need not amend his prayer for relief simply to modify the amount requested.

Date:

cc: Plaintiff Ward, *pro se*
Counsel of record

4412.010