DAVID ALLEN WARD                                                                    PLAINTIFF

v.

KENTUCKY STATE REFORMATORY *et al.*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several pending motions.

**A.      Motion for leave to file answer out of time**

Defendant Correctcare Integrated Health, Inc. moved to file an answer out of time.  **IT IS ORDERED** that the motion (DN 63) is **GRANTED**.

**B.      Motion to submit statements and records**

On June 17, 2010, the Court ordered Plaintiff to produce evidence which demonstrates that Defendants Larry Chandler and John Wright acted with deliberate indifference to his safety with respect to Plaintiff's allegations that they failed to provide him with safe boots while working in the kitchen at the Kentucky State Reformatory (KSR).  Plaintiff filed a motion to submit statements from other inmates at KSR concerning their observations of the KSR kitchen and to submit open records requests he filed which were denied.  Plaintiff also states in his motion that he "is asking the court can they issue a court order for the information that Plaintiff asked for."

In response to Plaintiff's motion, Defendants Larry Chandler, John Wright, and Scott Haas object to the submission of the written statements of the other inmates on grounds that they are hearsay, that they are not sworn or notarized, and because they appear to be written by Plaintiff and signed by the inmates.  Defendants object to the submission of the open records

requests because they are irrelevant to Plaintiff's claims of deliberate indifference and prejudicial to Defendants.

Upon review, **IT IS ORDERED** that the motion (DN 65) is **GRANTED** in part and **DENIED** in part. Federal Rule of Civil Procedure 26 provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that the statements and open records requests submitted by Plaintiff satisfy the standard for discoverable information, and to the extent Plaintiff seeks to submit these documents as discovery in response to the Court's Order, the motion (DN 65) is **GRANTED**. However, Plaintiff is instructed that should he wish to rely on written statements of other inmates in support of or in opposition to a motion for summary judgment, the statements must be in the form of an affidavit. *See* Fed. R. Civ. P. 56. The statements must therefore be sworn or contain a declaration stating, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2).

To the extent that Plaintiff seeks an Order from the Court directing Defendants to produce information, the motion (DN 65) is **DENIED**. If Plaintiff seeks information from Defendants, he must seek that information in the form of interrogatories, requests for production of documents, or requests for admissions under Fed. R. Civ. P. 33, 34, and 36. If Defendants fail to provide the information requested, Plaintiff may make a motion to compel the discovery of the information in compliance with Fed. R. Civ. P. 37.

**C.     Motion to submit grievance forms and sick call forms**

Plaintiff also filed a motion seeking to submit grievance forms and sick call forms.

Defendants object to the grievances and sick call slips that relate to Plaintiff's complaints about his hearing and that are not related to Plaintiff's deliberate indifference claim related to his slip and fall on May 1, 2008.

The June 17, 2010, Order directed Plaintiff to produce evidence which supports his claim of deliberate indifference against Defendants Chandler and Wright with respect to Plaintiff's allegations that they failed to provide him with safe boots while working in the KSR kitchen. While the Court did not order Plaintiff to produce any records related to his medical care, the Court will allow Plaintiff to submit records regarding medical care related to the injuries he alleges in the slip and fall.

Therefore, **IT IS ORDERED** that the motion (DN 66) is **GRANTED** in part and **DENIED** in part. Upon review of the grievances attached to the motion, Plaintiff's Exhibit C (pages 1-6) and Exhibit D (pages 1-22) relate to Plaintiff's complaints of ear pain, ear infection, and hearing loss and do not relate to Plaintiff's claims regarding his treatment following his slip and fall. Therefore, Exhibits C and D will are **STRICKEN** from the record. The Court **DIRECTS** the Clerk of Court to return Exhibits C and D to Plaintiff. The Court will accept Exhibit B to Plaintiff's motion in the record. There does not appear to be an Exhibit A.

Moreover, Plaintiff also seeks to submit 61 pages of sick call forms. However, many of the forms attached to the motion do not relate to his medical treatment related to his slip and fall but relate to his ear problems and other medical issues. Further, some of the sick call slips produced by Plaintiff pre-date the May 1, 2008, slip and fall. Therefore, Plaintiff's motion (DN 66) is **DENIED** with respect to the sick call slips. The Court **DIRECTS** the Clerk of Court to return the sick call slips to Plaintiff **via certified mail**. If Plaintiff wishes to do so, he may

produce only those sick call slips which he alleges relate to medical care he requested as a result of the slip and fall.

**D.      Motion to point out mistakes in Plaintiff's medical records**

Plaintiff also filed a motion to point out three mistakes in the medical records produced by Defendants Kemen, Duvall, and Haas.  The Court will construe the motion as a response to the medical records produced by Defendants.  Therefore, **IT IS ORDERED** that the motion (DN 73) is **GRANTED**.

Date:

cc:      Plaintiff Ward, *pro se*
         Counsel of record
4412.010