UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P315-H

DAVID ALLEN WARD                                                                       PLAINTIFF

v.

KENTUCKY STATE REFORMATORY *et al.*                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff currently has nineteen motions pending before the Court. Each is addressed below.

**A.    Motions related to address of Defendant McMillan**

Plaintiff filed several motions related to his efforts to identify a current address for Defendant Michelle Krumm-McMillan. By prior Order, the Court ordered Defendant Aramark to produce the last known address for Defendant McMillan. Aramark produced the last known address in compliance with the Order (DN 47).[1] The Clerk of Court issued summons, and the U.S. Marshals Service (USMS) attempted service on McMillan at the address provided pursuant to Fed. R. Civ. P. 4(c)(3). However, service was returned unexecuted with a notation stating "Attempted – Not Known" because Defendant McMillan apparently no longer lives at the address provided. The Court issued an Order on May 17, 2010, giving Plaintiff 120 days to provide the current address for Defendant McMillan.

Plaintiff filed a motion for leave to "view the Defendant[']s Discovery to see if their address for Michelle I. Krumm McMillan is the same one the Plaintiff Has" (DN 70).

---

[1] Defendant Aramark submitted Defendant McMillan's address under seal (DN 48). The U.S. Marshals Service inadvertently returned the unexecuted summons, which contained McMillan's address, to Plaintiff. However, since McMillan no longer resides at that address, it is of no consequence.

Defendants Aramark and Geddes object to the motion on the ground that Aramark already provided the last known address they had for McMillan to the Court. **IT IS ORDERED** that the motion (DN 70) is **DENIED**. If Plaintiff seeks information from Defendants, he must seek that information in the form of interrogatories, requests for production of documents, or requests for admissions under Fed. R. Civ. P. 33, 34, and 36, respectively. If Defendants fail to provide the information requested, Plaintiff may make a motion to compel the discovery of the information in compliance with Fed. R. Civ. P. 37.

Plaintiff also filed a motion asking whether "the United States Marshals can Help in getting" McMillan's address (DN 71). Specifically, Plaintiff requests that the USMS go to the local post office and the local driver's licence department to obtain an address for McMillan. Federal Rule of Civil Procedure 4 provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis." Fed. R. Civ P. 4(c)(3). "[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Thus, the USMS is required to effectuate service upon a defendant once process has been issued, but Fed. R. Civ. P. 4(c)(3) does not require the USMS to take the additional steps requested by Plaintiff in this motion. Therefore, **IT IS ORDERED** that Plaintiff's motion (DN 71) is **DENIED**.

Plaintiff also moved for an extension of time to locate McMillan's address and lists the attempts he has made to locate her address. Pursuant to the May 17, 2010, Order, Plaintiff had

until September 14, 2010, to provide a current address for Defendant McMillan. **IT IS ORDERED** that the motion (DN 72) is **GRANTED**. Plaintiff shall have an additional **60 days** from the date of this Order in which to provide a current address for McMillan. **Plaintiff is put on notice that his failure to provide a current address for Defendant McMillian or show good cause for his failure to do so could result in the dismissal of the action against Defendant McMillan.**

B.     **Motion regarding sick call slips and motion for extension of discovery deadline**

Plaintiff also moved the Court not to "throw out or Dismiss all the Sick call slip" and moves for an extension of the discovery deadline (DN 82). With regard to his requests regarding the sick call slips, the Court already denied Plaintiff's motion to submit his sick call forms into evidence in its September 9, 2010, Order. Therefore, the motion regarding the sick call slips (DN 82) is **DENIED as moot.**

Plaintiff also moved for an extension of the discovery deadline on the ground that he would like to obtain certain medical records that Defendants have not produced. Defendants Chandler, Haas, and Wright objected to the motion. Finding no prejudice to Defendants, however, Plaintiff's motion for extension of the discovery deadline (DN 82) is **GRANTED**. All discovery must be completed by **December 15, 2010**. Because the discovery deadline is extended, the Court will issue a Second Revised Scheduling Order. **The parties are advised that no further requests for extension of the discovery deadline will be granted.** Plaintiff is reminded that if there are certain documents he wishes to obtain from Defendants, he should seek the documents through discovery.

### C. Motion regarding denied open records requests

Plaintiff also filed a motion asking the Court "Not to Dismiss the Plaintiff Motion to Submit Some Denied Open records Requested" (DN 80). The Court construes this motion as a reply in support of his previous motion to submit denied open records requests. The Court previously granted in part and denied in part that motion in its September 9, 2010, Order. Therefore, **IT IS ORDERED** that the instant motion (DN 80) is **DENIED as moot**.

### D. Motion regarding discovery from Aramark

Plaintiff also filed a motion stating that "Plaintiff would like to know why that AraMark and Mr. Mark Geddes Has Not Submitted their Discovery to the Court By Now" (DN 77). The Revised Scheduling Order required Defendants' counsel to produce to Plaintiff all records or documentation relevant to the claims set forth in the complaint that survived initial review and to file a certification that the production was complete with the Court. From a review of the docket sheet, it appears that Aramark has not filed such a certification. Therefore, **IT IS ORDERED** that Plaintiff's motion (DN 77) is **GRANTED.** Pursuant to the Second Revised Scheduling Order, as a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation relevant to the claims set forth in the complaint that survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court** no later than December 15, 2010.

### E. Motion to allow Plaintiff to respond to Defendant CorrectCare's answer

Plaintiff also filed a motion seeking to respond to the answer filed by Defendant CorrectCare Integrated Health, Inc. (DN 76). Under Fed. R. Civ. P. 7(a)(7), a reply to an answer is allowed only "if the court orders one." The Court did not order Plaintiff to file a reply to

Defendant CorrectCare's answer.  Therefore, **IT IS ORDERED** that the motion (DN 76) is **DENIED**.

F.      Motions seeking to produce documents into evidence

Plaintiff filed a motion to allow him to include documents (DN 74); motion to submit the names and statements of two additional witnesses (DN 78); motion to submit documents related to the date which Plaintiff filed this action (DN 79); motion to submit "all of the document that he sending the Court now and in the pass in to his Discovery" (DN 81); motion to submit letters to KSR medical department and the responses to the letters (DN 83); motion to submit medical records of Dr. Draper (DN 84); motion to submit medical records from Ft. Logan Hospital (DN 85); motion to submit grievances (DN 86); motion to submit new sick call slips and two letters Plaintiff wrote regarding his medical care (DN 87); and motion to submit the names of new witnesses (DN 88).  Plaintiff states that he seeks to put these documents into evidence to support his case.

The Revised Scheduling Order required that the parties shall provide the opposing parties any records or documentation relevant to the remaining claims and that they should file a certification with the Court that production is complete.  The Revised Scheduling Order did not direct the parties to file their discovery with the Court.  The Court entered an Order on June 17, 2010, directing some of the parties to produce certain discovery, and those parties responded to that Order.  Thus, neither party will be permitted to file any additional documents with the Court unless ordered by the Court to do so or unless the documents are submitted in support of a motion for summary judgment or in support of a response to a motion for summary judgment.  Therefore, **IT IS ORDERED** that Plaintiff's motions (DNs 74, 78, 79, 81, 83, 84, 85, 86, 87, and 88) are **DENIED.**

### G. Motion regarding medical logs

Plaintiff also filed a motion stating that he "would like to inform This Honorable Court that some one Delivery or accidentally left the Medicine Logs out from Pill Call or Med Central Because the Plaintiff is out of his medicine again for the 4th or 5th time and the Medicine Logs needs to go pass the time when the Court get this Motion" (DN 75). Upon review of this motion, the Court cannot determine what relief Plaintiff is seeking. Therefore, **IT IS ORDERED** that the motion (DN 75) is **DENIED**. The Clerk of Court is **DIRECTED** to send Plaintiff a blank motion form. Plaintiff is instructed that he should clearly state the relief he is seeking when filing a motion.

### H. Objection to medical records produced by Defendants

Finally, Plaintiff filed a document captioned, "The Plaintiff would like to Reject to the Defendants only wanting to used 4 pages out of 55 from the Plaintiff Family Doctor Doctor Stephen S. Draper. If the Defendants Want to used any of the Medical Records they are to used all of them. And Not just what they want to suit them" (DN 94). The Court construes this as a motion to compel Defendants to produce all of Plaintiff's medical records from Dr. Draper. Defendants Chandler, Haas, and Wright produced medical records of Plaintiff in response to the Court's June 17, 2010, Order, which directed Defendants to produce all medical records in their possession concerning any treatment Plaintiff has received for the injuries he alleges in this matter. Plaintiff states in his filing that he believes the Court should have all of Dr. Draper's medical records to show that he did not have any prior problems with his neck and upper back before the fall that is the basis of this action. Upon review, **IT IS ORDERED** that the motion (DN 94) is **DENIED**. As stated previously, the parties need not file any additional records at

6

this time. The parties, however, may attach documents in support of a motion for summary judgment or in support of a response to a motion for summary judgment.

Date:


cc: Plaintiff Ward, *pro se*
 Counsel of record
4412.010