# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-P315-H

**DAVID ALLEN WARD**  PLAINTIFF

v.

**KENTUCKY STATE REFORMATORY** *et al.*  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on four motions filed by Plaintiff.

**A.  Motion to resubmit sick call slips**

Plaintiff seeks to submit 59 pages of sick call slips (DN 99). Plaintiff filed a previous motion seeking to submit 61 pages of sick call slips. On September 9, 2010, the Court denied the motion because many of the slips Plaintiff sought to produce did not relate to his medical treatment following the slip-and-fall at issue in this action but related to other medical issues. Further, some of the sick call slips pre-dated the May 1, 2008, slip-and-fall. The Court directed the Clerk of Court to return the sick call slips to Plaintiff and indicated that Plaintiff could produce only those sick call slips which he alleges relate to his medical care following the slip-and-fall.

Subsequently, on September 23, 2010, upon review of a multitude of documents Plaintiff sought to produce to the Court regarding his medical care and other issues, the Court denied Plaintiff's motion seeking to produce the records and ordered that neither party would be permitted to file any additional documents with the Court unless ordered by the Court to do so or unless the documents are submitted in support of a motion for summary judgment or in support of a response to a motion for summary judgment. Accordingly, **IT IS ORDERED** that Plaintiff's motion seeking to submit sick call slips (DN 99) is **DENIED**. Again, the parties will

be able to produce documents which they believe are relevant in support of a motion for summary judgment or response to a motion for summary judgment.

**B.      Motion seeking assistance in locating Michelle Krumm McMillan**

Plaintiff also sent a letter to the Court seeking assistance in locating the address of Defendant Michelle Krumm McMillan (DN 100).  The Court will construe this as a motion.  Specifically, Plaintiff asks if the U.S. Marshals could go to the local post office or driver's licence department to obtain Defendant McMillan's address.  Plaintiff additionally states that he believes Defendant Aramark knows Defendant McMillan's address but is trying to "aid Her to Evad prosecution."

The Court already addressed this issue in its September 23, 2010, Order.  Therefore, **IT IS ORDERED** that Plaintiff's motion (DN 100) is **DENIED as moot.**  Plaintiff is reminded that he may seek information from Defendants in the form of interrogatories, requests for production of documents, or requests for admissions under Fed. R. Civ. P. 33, 34, and 36, respectively.  If Defendants fail to provide the information requested, Plaintiff may make a motion to compel the discovery of the information pursuant to Fed. R. Civ. P. 37.

**C.      Motion to appoint Plaintiff a guardian ad litem**

Plaintiff also moves the Court to appoint a guardian ad litem for him pursuant to Kentucky Rule of Civil Procedure (CR) 17.04.  The Kentucky Rules of Civil Procedure apply to Kentucky state courts and not to a U.S. District Court.  Moreover, CR 17.04 provides:

> If for any reason the prisoner fails or is unable to *defend* an action, the court shall appoint a practicing attorney as guardian ad litem, and no judgment shall be rendered against the prisoner until the guardian ad litem shall have made defense or filed a report stating that after careful examination of the case he or she is unable to make defense.

CR 17.04(1) (emphasis added). Therefore, CR 17.04 applies when a prisoner is defending *against* a judgment. "CR 17.04 has no application where, as here, the action is brought by, rather than against, the prisoner." *May v. Coleman*, 945 S.W.2d 426, 427 (Ky. 1997). Accordingly, **IT IS ORDERED** that Plaintiff's motion to appoint a guardian ad litem (DN 101) is **DENIED**.

**D.** **Motion for appointment of counsel**

Plaintiff also moves for appointment of counsel pursuant to KRS § 31.110. Plaintiff states that he has a very limited knowledge of the law, that he is indigent within the meaning of KRS §§ 31.110 and 453.190, that the action is a type which a person would proceed in good faith, that he is not a qualified expert at law, and that the facts and issues presented are complicated.

Under KRS § 31.110, a needy person is entitled to be represented by an attorney when he:

> is being detained by a law enforcement officer, on suspicion of having committed, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, or who is accused of having committed a public or status offense or who has been committed to the Department of Juvenile Justice . . . for having committed a public or status offense.

Plaintiff's reliance on KRS § 31.110(2)(c) is misplaced. This statute has no applicability to the question at hand. It is beyond dispute that the Constitution does not mandate counsel to assist with filing a civil action. *See, e.g., Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of

3

the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Moreover, KRS § 453.190 also does not apply. That statutes sets forth the circumstances when one can proceed without the prepayment of fees in Kentucky state courts. It does not require that counsel be appointed for Plaintiff.

As the Court ruled in its July 14, 2009, Order denying Plaintiff's previous motions to appoint counsel, 28 U.S.C. § 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See Childs*, 822 F.2d at 1384. "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation. Further, based on a review of the documents filed by Plaintiff thus far, it appears that Plaintiff is articulate and able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly, **IT IS ORDERED** that the motion for appointment of counsel (DN 102) is **DENIED**. Nothing

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

Date:

cc: Plaintiff Ward, *pro se*
 Counsel of record
4412.010